IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


KAREN SHANAIR HENRY,　　　　　:
(aka Karen Ming Henry),　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　Movant/Defendant,　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　:　　　Crim. Act. No. 12-65-RGA
　　　　　　　　　　　　　　　　　　:　　　Civ. Act. No. 14-12-RGA
　　　　　　　　　　　　　　　　　　:
UNITED STATES OF AMERICA,　:
　　　　　　　　　　　　　　　　　　:
　　　Respondent/Plaintiff.　　　　　:

---

## MEMORANDUM OPINION


Laraine A. Ryan, Esquire.  Attorney for Movant.

Elizabeth L. Van Pelt, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware.  Attorney for Respondent.


October ____17____, 2014

**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Pending before the Court is Movant Karen Shanair Henry's ("Movant") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"). (D.I. 33) The Government filed an Answer in Opposition. (D.I. 40) For the reasons that follow, Movant's § 2255 Motion is denied.

## I.     BACKGROUND

On August 28, 2012, the Federal grand jury returned a two count Indictment charging Movant with willfully and knowingly making false statements in an application for a United States Passport, in violation of 18 U.S.C. § 1542 ("Count One"), and with willfully and falsely representing herself to be a citizen of the United States, in violation of 18 U.S.C. § 911 ("Count Two"). (D.I. 15)

On April 16, 2013, Movant pled guilty to Count One of the Indictment. An executed Memorandum of Plea Agreement was filed at the plea colloquy, signed by Movant, defense counsel, and the attorney for the Government. In the Plea Agreement, Movant certified that she understood the elements of the § 1542 offense, including that she acted "knowingly and willfully" in making a false statement in an application for a United States Passport. Relevant to the pending § 2255 Motion, Paragraph 7 of the Plea Agreement stated that Movant understood the immigration consequences of her plea, including the potential for "automatic removal." (D.I. 23)

During the plea colloquy, the Court further confirmed Movant's understanding of the elements of the offense, the factual basis for each element, and the immigration consequences of her plea. According to Movant's assertions during the colloquy, she is twenty-nine years old, college-educated, and speaks English as her first language. (D.I. 41 at 3-4) Movant agreed that

she had "fully discuss[ed] the charges in the case in general with [her] attorney," and that she was "fully satisfied with the advice given" in this case. (D.I. 41 at 5)

On August 20, 2013, the Court sentenced Movant to one year of probation. (D.I. 32) Movant timely filed the instant § 2255 Motion on January 8, 2014. (DI. 33) The Government filed its Answer in Opposition on March 3, 2014. (D.I. 38) The § 2255 Motion is ready for review.

## II. DISCUSSION

The instant § 2255 Motion asserts the following two ineffective assistance of counsel claims: (1) defense counsel failed to adequately advise Movant about the immigration consequences of pleading guilty; and (2) defense counsel was ineffective for advising her to enter a plea rather than proceed to trial and present a defense that she did not knowingly submit a fraudulent birth certificate. (D.I. 33 at 4-6)

Movant has properly raised her ineffective assistance of counsel allegations in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500 (2003). As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the first ("performance") prong of the *Strickland* standard, Movant must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland,* 466 U.S. at 688. Under the second ("prejudice") prong of the *Strickland* standard, Movant must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694; *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994). Here, because

2

Movant entered a guilty plea, she will only be able to satisfy *Strickland*'s prejudice prong by demonstrating a reasonable probability that she would have insisted on proceeding to trial instead of pleading guilty if not for counsel's error. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Id.* at 689.

## A. Counsel Failed To Properly Advise Movant of Deportation Consequences

In Claim One, Movant asserts that counsel was ineffective for merely warning "her of possible immigration effects in a generalized or form-signing fashion," instead of "specifically" discussing the issue. (D.I. 33 at 6) She relies on *Padilla v. Kentucky*, 559 U.S. 356 (2010), to support this argument. In *Padilla*, the Supreme Court held that defense counsel rendered constitutionally deficient assistance by failing to correctly advise the defendant of the deportation consequences stemming from a guilty plea because the removal consequences were "succinct, clear, and explicit" and the defendant's "deportation was presumptively mandatory." *Id.* at 368-69. However, the *Padilla* Court explained that, where the "law is not succinct and straightforward [], a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences." *Id.* at 369. The *Padilla* Court also opined that a petitioner's entitlement to relief "will depend on whether he [or she] can demonstrate prejudice as a result" of constitutionally deficient counsel. *Id.* at 374.

To support her argument, Movant cites *Rodriguez v. Gonzales*, 451 F.3d 60, 61 (2nd Cir. 2006), a case in which the Second Circuit held that the defendant's violation of 18 U.S.C. § 1542 was a crime involving moral turpitude ("CIMT") rendering the defendant statutorily ineligible for cancellation of removal and also ineligible for adjustment of status. *Id.* at 65. Presumably,

3

Movant cites to *Rodriguez* to demonstrate that her conviction under 18 U.S.C. § 1542 constitutes the type of offense for which the immigration consequences are succinct and straightforward, thereby triggering defense counsel's duty under *Padilla* to advise her that entering a plea would render her "ineligible for relief, assuring her deportation." (D.I. 33 at 7)

The record does not include an affidavit from defense counsel regarding the advice she did or did not provide Movant during the plea process.[1] However, in *Strickland*, the Supreme Court explained that "there is no reason for a court deciding an ineffective assistance of counsel claim" to consider "both components of the [*Strickland*] inquiry if the [movant] makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. Rather, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.*; *see also Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006)(a court may address *Strickland*'s prejudice prong first "and reject an ineffectiveness claim solely on the ground that the [movant] was not prejudiced."). Here, the Court will proceed directly to the prejudice inquiry, because that analysis is dispositive.

First, Paragraph Seven of the signed Memorandum of Plea Agreement clearly and explicitly identifies automatic removal as a very real consequence of pleading guilty:

> [Movant] recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. **Removal and other immigration consequences are the subject of a separate proceeding, and defendant understands that no one, including her attorney or the district court, can predict to a certainty the effect of her conviction on her immigration status.** [Movant] nevertheless affirms that **she wants to plead guilty regardless of any immigration consequences** that her plea may entail, and **even if the**

---

[1]The Court notes that the Government did not request the Court to order defense counsel to respond to the allegations in the § 2255 Motion.

**consequence is her automatic removal from the United States** following any period of incarceration imposed by the District Court at sentencing.

(D.I. 23 at 3)(emphasis added). Second, during the plea colloquy, the Assistant U.S. Attorney summarized the plea agreement, noting, in relevant part, "the defendant recognizes that this guilty plea may have consequences with respect to her immigration status if she is not a U.S. citizen. And that her plea may entail – even if her plea entails removal, she would not be able to withdraw her plea on that basis, and she wants to plead guilty notwithstanding that immigration consequences." (D.I. 41 at 7-8). The Court followed up with, "Ms. Henry, does what [the Assistant U.S. Attorney] sound to you like what you believe is in this written Plea Agreement?" Movant responded, "Yes." (*Id*. at 8). The Court, shortly thereafter, continued by advising Movant of the possible immigration consequences of pleading guilty, and Movant affirmed that she understood those consequences:

> COURT: And in regards to -- all right. Let's talk about your immigration here in the Plea Agreement. Are you a U.S. citizen?
>
> MOVANT: No, I'm not.
>
> COURT: What country are you a citizen of?
>
> MOVANT: Panama.
>
> COURT: All right.
>
> MOVANT: Or Jamaica.
>
> COURT: One or the other?
>
> DEFENSE COUNSEL: If I may have one moment, your Honor?
>
> COURT: All right.
>
> DEFENSE COUNSEL: Your Honor, [Movant] was born in Jamaica. She was taken to

Panama, moved to Panama when she was twelve. So, she sort of felt that she grew up a little bit in Panama, but she was born in Jamaica in terms of -- her birth certificate is from Jamaica, if that answers your Honor's question?

COURT: Well, I mean, she can be born in Jamaica and probably be a citizen of Panama or a citizen in the U.S. That's kind of an individual circumstance, but -- but I understand why you said Panama or Jamaica. Do you understand -- and do you have -- are you a permanent resident alien in the United States, or what's your status or in the U.S?

DEFENSE COUNSEL: **Your Honor, I don't believe [Movant] is here legally. I don't believe she has a legal status U.S as of now.**

COURT: Okay. All right. Well, do you understand, [Movant], that **pleading guilty to a felony offense, which is what this is, is going to affect your immigration and residency status in a negative way. If you don't have legal status, then you probably shouldn't be here. But certainly having a felony conviction will make it even more difficult than it might already be for you to stay in the U.S. Do you understand that?**

MOVANT: **Yes.**

(*Id.* at 9-10)(emphasis added).

This record demonstrates that the immigration consequences of pleading guilty were addressed in the Memorandum of Plea Agreement and by the Court during the plea colloquy. The record also demonstrates that Movant understood her plea could lead to automatic removal or, at a minimum, that it would certainly adversely affect her immigration status. Despite this knowledge, Movant still decided to plead guilty. Given these circumstances, Movant cannot establish that she would not have pled guilty but for counsel's alleged "general" advice regarding the immigration consequences of pleading guilty. *See, e.g., Hill v. United States*, 2014 WL 104565, at *9 (S.D. N.Y. Jan. 7, 2014)(holding that, even if counsel failed to inform movant of the potential immigration consequences of his plea, movant could not establish prejudice under *Strickland* because the consequences were addressed during the plea colloquy and movant confirmed that he understood those consequences). Thus, the Court will deny as meritless

6

Movant's first ineffective assistance of counsel allegation.

**B. Counsel Failed to Advise Movant to Present a Defense at Trial**

In her second claim, Movant contends that counsel should have advised her to proceed to trial and present the defense that she did not knowingly submit a fraudulent birth certificate. Movant explains that she merely made a mistake about her citizenship and "used the birth certificate she believed to be hers, one that had been in her possession since childhood." (D.I. 33 at 8-9) The record belies this contention.

During the change of plea hearing, the Court engaged in a thorough colloquy to ensure that Movant understood the elements of the offense to which she was pleading guilty. Movant affirmed her understanding of the requirement that the Government prove she "acted knowingly and willfully, which among other things means that you knew the statement was false when you made it." (D.I. 41 at 18) Movant also admitted the following facts with regard to the false statement:

COURT: Tell me what you did that makes you think you committed a crime.

MOVANT: I put false -- false information to a passport application.

COURT: You applied for a passport by going through a Post Office?

MOVANT: Yes.

COURT: And where was the Post Office?

MOVANT: In New Castle.

COURT: What sort of false information did you put on this application?

MOVANT: The documentation was fraudulent.

COURT: What kind of documentation are you talking about?

MOVANT: The birth certificate.

COURT: So you gave a birth certificate that you said was a birth certificate for you?

MOVANT: Yes.

COURT: I take it it probably said that you were born in the United States?

MOVANT: It shows that I was born in the canal zone of Panama.

COURT: Ah, in the canal zone of Panama, okay. And you knew that was false, because you knew you were born in Jamaica?

MOVANT: Yes.

COURT: And you wanted a U.S. Passport, and that was the reason why you said you were born in the canal zone in Panama?

MOVANT: Yes.

(D.I. 41 at 18-20) Finally, Movant agreed with the Government's proffer of evidence, including the fact that she is a "native and citizen of Jamaica," that she has a valid Jamaican passport and a valid Jamaican birth certificate, and that she applied in 2008 for a U.S. Passport for her daughter, in which Movant listed her own place of birth as "Jamaica." (D.I. 41 at 21-22) The 2008 passport application that [Movant] submitted for her daughter also featured a check box for Movant's U.S. Citizenship, which was checked "No." (D.I. 38-3)

It is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The aforementioned excerpt from Movant's plea colloquy contains her clear and explicit admissions that she was born in Jamaica and that she knowingly submitted the false birth certificate because she wanted a United States Passport. (D.I. 41 at 18-19) Movant affirmatively indicated under oath that she fully discussed the charges in the case

8

with defense counsel and that she was "fully satisfied" with defense counsel's advice. (D.I. 41 at 5) Movant's unsupported allegations in this proceeding fail to provide compelling evidence as to why the statements she made during the plea colloquy should not be presumptively accepted as true. Moreover, Movant's instant contention that she mistakenly believed she was born in the United States is contradicted by the copy of the March 2008 U.S. Passport application Movant submitted on behalf of her minor daughter, because that application demonstrates that Movant did not consider herself a United States citizen.

"There can be no Sixth Amendment deprivation of effective counsel based on an attorney's failure to raise a meritless argument." *United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). As such, give the aforementioned record, the Court concludes that defense counsel did not provide constitutionally ineffective assistance by failing to advise Movant to proceed to trial and raise an easily refuted and factually baseless defense.

Accordingly, the Court will deny Movant's § 2255 Motion in its entirety.

## III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. As previously discussed, the record conclusively demonstrates that Movant is not entitled to relief under § 2255. Therefore, the Court concludes an evidentiary hearing is not warranted.

## IV. CERTIFICATE OF APPEALABILITY

9

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court is denying Movant's § 2255 Motion after determining that her ineffective assistance of counsel claims lack merit. The Court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

The Court concludes that Movant is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate Order will issue.